



JAN 10 2006

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Casey Renee Mundy,<br>Debtor. | C/A No. 05-14207-W<br><br>**ORDER**<br><br>Chapter 7 |

**ORDER GRANTING IN PART, DENYING IN PART DEBTOR'S MOTION TO AVOID LIEN OF 1ST FRANKLIN FINANCIAL CORPORATION**

This matter comes before the Court upon Motion of Cayce Renne Mundy ("Debtor") to avoid the lien of 1st Franklin Financial Corporation ("1st Franklin") pursuant to 11 U.S.C. § 522(f)(1)(B).[1] 1st Franklin opposes Debtor's Motion asserting that certain items are not "household goods" under state law and thus its lien is not avoidable under federal law. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014, the Court makes the following Findings of Fact and Conclusions of Law.[2]

**FINDINGS OF FACT**

1. On March 17, 2005, Debtor granted 1st Franklin a nonpossessory, nonpurchase-money security interest in the following items of personal property (collectively referred to as "Collateral"):

(1) Magnavox 60" Television,
(1) Halix Pinball Machine,
(1) Meade Telescope,
(1) Sony DVD Player,

[1] Hereinafter internal references to the Bankruptcy Code (11 U.S.C. § 101 et. seq.) shall be made by section number only.
[2] The Court notes that to the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.



ENTERED

JAN 10 2006

L.O.

(1) Phillips DVD Player,
(1) GE DVD Player,
(1) Sony 25" Television,
(1) Sanyo 27" Television,
(1) Emerson 6 Disk CD Player,
(1) Kenwood CD Player,
(1) Lexmark Printer,
(1) Dell Computer and Monitor,
(1) Orion VCR,
(1) Emerson Stereo System, and
(1) Featherlite Weed Eater.

2. At the time Debtor obtained the loan from 1st Franklin, Debtor represented to 1st Franklin that the total value of the Collateral was $7,600.00.

3. Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 14, 2005.[3]

4. Debtor claimed a two thousand five hundred ($2,500.00) dollar exemption in Debtor's "household goods and clothing" on Debtor's Schedule C, filed October 29, 2005.

5. On October 29, 2005, Debtor moved to avoid 1st Franklin's lien on the Collateral pursuant to 11 U.S.C. § 522(f)(1)(B) on grounds 1st Franklin has a lien on Debtor's "household goods," which would otherwise be exempt under South Carolina law, and that the value of the Collateral is less than the allowed exemption amount for household goods.

6. 1st Franklin objected to the avoidance of its lien in the following items: Magnavox 60" Television, Halix Pinball Machine, Meade Telescope, Sony DVD Player, Phillips DVD Player, GE DVD Player, Sony 25" Television, Sanyo 27" Television,

[3] Debtor's case was commenced prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and thus this Court applies the pre-amendment version of Title 11, except as otherwise stated.

Emerson 6 Disk CD Player, and Kenwood CD Player, asserting that these items are not "household goods" and that the value of these items exceeded the allowed exemption amount.[4]

7. 1st Franklin did not present any evidence as to the value of the Collateral, Debtor's use of the Collateral, and accepted the proffer of testimony by Debtor's counsel.

8. Debtor proffered testimony that the Sony DVD Player, GE DVD Player, and Sony 25" Television have been discarded and are not in the possession of Debtor and that the Sanyo 27" Television is not in working order.

9. Debtor further proffered testimony that the speaker on the Magnavox 60" Television is not functioning properly, that the value of the television does not exceed five hundred ($500.00) dollars, and that CD and DVD players are available at a low cost to consumers.

10. Debtor asserts that the value of the household goods in her possession is less than the two thousand five hundred ($2,500.00) dollar exemption allowed by South Carolina law and thus that she may avoid all of 1st Franklin's lien on the Collateral.

## CONCLUSIONS OF LAW

### A. Debtor is entitled to avoid 1st Franklin's nonpossessory, nonpurchase-money security interest in "household goods," which are exempt under state law.

Pursuant to 11 U.S.C. § 522(f)(1), to the extent that a nonpossessory, nonpurchase-money security interest impairs an exemption that a debtor would otherwise be entitled to under § 522(b), the debtor may avoid the lien in any …

> household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held

[4] 1st Franklin did not object to Debtor avoiding its liens in the remaining items.

> primarily for the personal, family, or household use of the debtor or a dependent of the debtor . . . .

11 U.S.C. § 522(f)(1).

Thus § 522(f)(1) sets out a two part test to determine if a nonpossessory, nonpurchase-money security interest is avoidable by a debtor- 1) the debtor would be entitled to claim an exemption in the property under federal or state law and 2) the security interest is in "household goods," or other items enumerated in § 522(f)(1)(B), held primarily for the personal, family, or household use of the debtor. In re McGreevy, 955 F.2d 957 (4th Cir. 1992) (holding that although property may be exempt under state law, a lien on the property is not necessarily avoidable under federal law).

South Carolina opted out of the federal exemption scheme and thus state law controls whether Debtor is entitled to exempt the Collateral. 11 U.S.C. § 522(b); S.C. CODE ANN. § 15-41-35 (2005).

S.C. CODE ANN. § 15-41-30 provides that a debtor may exempt:

> The debtor's interest, not to exceed two thousand five hundred dollars in aggregate value in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

S.C. CODE ANN. § 15-41-30(3) (2005).

The term "household goods" is not defined in the South Carolina exemption statute nor have South Carolina state courts defined the term. 1st Franklin asserts that "household goods," while not being defined in § 15-41-10 *et seq.*, is defined in S.C. CODE ANN. § 37-5-108(4)(a)(v). Section 37-5-108(4)(a)(v) is part of the South Carolina Consumer Protection Code and lists various factors for determining whether a consumer loan is unconscionable. The statute defines "household goods" as:

> clothing, furniture, appliances, one radio and one television, linens, china, crockery, kitchenware, and personal effects, including wedding rings of the consumer and his dependents; . . ..
>
> The statute further provides:
>
> a nonpurchase money, nonpossessory security interest may be taken in a work of art, electronic entertainment equipment, except one television and one radio, items acquired as antiques and which are over one hundred years of age, and jewelry, except wedding rings.

S.C. CODE ANN. § 37-4-108(4)(a)(v) (Supp. 2004).

1st Franklin further asserts that since both § 15-41-30 and § 37-5-108(4)(a)(v) are intended to afford protection for the interests of individual debtors, the definition found in one section should apply to the other. Thus, 1st Franklin contends that Debtor's multiple televisions and other electronic items are not household goods under the South Carolina Consumer Protection Code, and by analogy the exemption statute, because 1st Franklin is allowed under South Carolina law to obtain a security interest in these items. The Court rejects this analysis for the following reasons.

Section 37-5-108(4)(a)(v) determines whether a creditor's loan in a consumer credit transaction is unconscionable. The section would appear to prohibit a creditor from taking a nonpurchase-money security interest in a debtor's only television and radio. The exemption statute of § 15-41-30(3) protects a debtors assets from judgment creditors and other creditors that perfect their interest by levy. S.C. CODE ANN. 15-41-30 (2005). Since 1st Franklin is a creditor with a consensual lien, under state law Debtor could not use the exemption statute to protect her assets pledged as collateral to 1st Franklin. The state exemption statute only applies to 1st Franklin under federal law when determining whether a debtor would be entitled avoid a consensual lien. The Court is unwilling to apply a definition appearing in one title to a term in another title, when these

laws do no appear to overlap under state law and are directed to different classes of creditors.

The plain text of § 15-41-30(3) appears to allow a debtor to elect which of her household goods that she can exempt from the levy of her judgment creditors. Presumably, a debtor could exempt numerous televisions or other unnecessary household goods from a judgment creditor's reach and, by doing so, put debtor's other household goods in peril. For a debtor with substantial household goods, the exemption under § 15-41-30(3) may be insufficient to protect all of a debtor's household goods and the debtor's judgment creditor could levy on items such as debtor's linens or china, which would otherwise be household goods in which the creditor could not obtain a nonpurchase-money security interest under the South Carolina Consumer Protection Code.

South Carolina courts liberally apply the exemption statute in favor of a debtor. Rookard v. Atlanta & C. Air Line Ry. Co., 89 S.C. 371, 71 S.E. 992 (S.C. 1911); Holden v. Cribb, 349 S.C. 132, 561 S.E.2d 634 (S.C. Ct. App. 2002) (finding that an incarcerated debtor may claim a homestead exemption). Nothing in the statutory scheme or South Carolina case law would imply that the South Carolina legislature intended a definition appearing in the South Carolina Consumer Protection Code to apply and limit the property that a debtor may exempt from a debtor's judgment creditors. Given the direction from the South Carolina courts that the exemption statute should be applied liberally in favor of the debtor, the Court finds that the definition of "household goods," found in S.C. CODE ANN. § 37-4-108(4)(a)(v), does not apply to limit the exemption that a debtor may claim under § 15-41-30(3).

Although the South Carolina legislature and state courts have not provided a definition of "household goods," within the context of exemptions a debtor may claim, the Fourth Circuit has defined "household goods" for purposes of § 522(f)(1)(B). McGreevy, 955 F.2d at 961-962. The Fourth Circuit defined "household goods" as those goods which are "items of personal property that are typically found in and around the home and used by the debtor or his dependants to support and facilitate day-to-day living within the home, including the maintenance and upkeep of the home itself." Id. The Fourth Circuit's definition requires that there be a functional nexus between the good and the household, where the good is used to support and facilitate daily life within the house. McGreevy, 955 F.2d at 961.[5] Absent definitive direction from the South Carolina state courts, this Court will use the definition set out in McGreevy to determine if Debtor's goods are household goods, which are exempt under state law and for which a nonpossessory, nonpurchase-money lien may be avoided under federal law.

**B. Lien on discarded and nonfunctioning goods is not avoidable.**

Debtor is not in possession of the Sony DVD Player, the GE DVD Player, or the Sony 25" Television. Debtor is in possession of a Sanyo 27" Television; however, that item is not functioning. These goods cannot bear a functional relationship in supporting or facilitating life within Debtor's home because either they are not in Debtor's home or they cannot be utilized by Debtor in supporting her household; thus, Debtor may not avoid the lien in these items because they are not household goods. See McGreevy, 955 F.2d at 961.

[5] Congress has defined "household goods" in revised 11 U.S.C. § 522(f)(4)(A); however, this case is decided based upon law prior to the effective date of BAPCPA.

**C. Lien on Magnavox 60" Television, Phillips DVD Player and Kenwood CD Player is avoidable.**

1st Franklin claims that the Magnavox 60" Television is a luxury item and not a "household good." Testimony indicates that this television is nevertheless Debtor's only working television. See In re Gebhart, 260 B.R. 596, 599 (Bankr. S.D. Ga. 2000) (finding a debtor's "big screen" television fit within the definition of "household goods" set forth in McGreevy and refusing to differentiate between a television's screen size when the item is a household good, regardless of size or quality); In re Vargas, 257 B.R. 157, 162 (Banrk. D.N.J. 2001) (noting debtor could have avoided lien on 60" television if debtor would have claimed an exemption in the property); In re Doss, 298 B.R. 866 (Bankr. M.D. Tenn. 2003) (allowing a debtor to exempt a 50" television as a household good, when television was debtor's only television). It is widely recognized that televisions are household goods and that debtors may avoid liens on these items pursuant to § 522(f)(1)(B). See In re Biancavilla, 173 B.R. 930 (Bankr. D. Idaho 1994); In re Gray, 87 B.R. 591 (Bankr. D. Mo. 1988); In re Fisher, 11 B.R. 666 (Bankr. D. Okla.1981).

Debtor's Phillips DVD Player and Kenwood CD Player are also items typically found within households. These items are akin to VCRs and record players, which have traditionally been exempt property as "household goods." In re Lynch, 139 B.R. 868, 869 (Bankr. N.D. Ohio 1992) (exempting debtor's one (1) CD player as a household good); In re Fisher, 11 B.R. at 669 (analogizing a stereo to a piano, which was previous found to be an exempt good); In re Barrick, 95 B.R. 310 (Bankr. M.D. Pa. 1989) (exempting debtor's VCR as a household good); In re French, 177 B.R. 568 (Bankr. E.D.

Tenn. 1995) (exempting debtor's VCR as a household good). The testimony indicates that these items are readily available in the marketplace at minimum costs to consumers. "In our complex society, items that were once regarded as luxuries ... particularly home entertainment items such as televisions and stereo systems, are now commonplace and are viewed as necessities to the well-being of the family unit." In re Caruthers, 87 B.R. 723, 728 (Bankr. N.D. Ga. 1988). The Court is therefore willing to accept Debtor's proffer and find that these items are "household goods."

1st Franklin, as the objecting party, bears the burden of proving that Debtor's exemptions are not properly claimed. Fed. R. Bankr. P. 4003(c). Its objection that these items are not household goods is insufficient given the common understanding that these items are in fact household goods. Therefore the Court finds that Debtor may avoid 1st Franklin's lien in the Magnavox 60" Television, Phillips DVD Player, and Kenwood CD Player.

**D. Lien on Meade Telescope, Halix Pinball Machine, and Emerson 6 Disk CD Player is not avoidable.**

1st Franklin also asserts that Debtor's telescope, pinball machine, and Emerson 6 Disk CD Player are not household goods. Unlike the Debtor's only working television, DVD player, and CD player, there is no evidence that these items are typically found within households and the Court therefore finds that 1st Franklin has met its burden coming forward with evidence, though its objection and oral argument, that the exemption was not properly claimed. See In re Hicks, 276 B.R. 84, 86 (Bankr. W.D. Va. 2001) (sustaining a creditor's objection that a pool table and movie camera were not household goods, as these items are typically not found within Virginia households, but

finding creditor did not meet its burden of proof with regard to debtor's television and VCR, items typically found in Virginia households). Because 1st Franklin has asserted that these items are not "household goods" and there is no evidence or law indicating that these are items typically found within households, the burden then shifts to Debtor to prove that she properly claimed the exemption. In re Hurst, 239 B.R. 89 (Bankr. D. Md. 1999). Debtor did not present evidence that these items are items typically found around the home or that these items are utilized by Debtor in support of her home. The Court has not been presented with case law holding that a pinball machine, a telescope, or a six disk CD player are household goods within the context of any state or federal exemption statute. The Court therefore denies Debtor's Motion to the extent Debtor seeks to avoid 1st Franklin's security interest in the Halix Pinball Machine, Meade Telescope, and Emerson 6 Disk CD Player.

**E. Lien on the remaining items is avoidable.**

Debtor also moved to avoid 1st Franklin's lien on (1) Lexmark Printer, (1) Dell Computer and Monitor, (1) Orion VCR, (1) Emerson Stereo System, and (1) Featherlite Weed Eater. 1st Franklin did not object to Debtor avoiding its lien in these items and the Court therefore grants Debtor's Motion to the extent that it avoids 1st Franklin's lien in these items pursuant to SC LBR 4003-1(c), without deciding whether each of these goods is a "household good."

IT IS THEREFORE ORDERED, that Debtor's Motion to avoid 1st Franklin's lien is granted as to the following items:

(1) Magnavox 60" Television,
(1) Phillips DVD Player,
(1) Kenwood CD Player
(1) Lexmark Printer,

(1) Dell Computer and Monitor,
(1) Orion VCR,
(1) Emerson Stereo System, and
(1) Featherlite Weed Eater

IT IS FURTHER ORDERED, that Debtor's Motion to avoid 1st Franklin's lien is denied as to the following items:

(1) Meade Telescope,
(1) Halix Pinball Machine,
(1) Emerson 6 Disk CD Player,
(1) Sanyo 27" Television,
(1) Sony DVD Player,
(1) GE DVD Player, and
(1) Sony 25" Television

**AND IT IS SO ORDERED.**

John E. Waites
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
January 10, 2006